# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CAROL H. THOMAS

Plaintiff,

v.

GLOBAL LENDING SERVICES, LLC

Defendant

Civil Action File No.

**1:18-CV-1547**

**JURY DEMAND**

## ORIGINAL COMPLAINT

The Plaintiff, CAROL H. THOMAS, by and through herself and for her Complaint against the Defendant, GLOBAL LENDING SERVICES, LLC., and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to GLOBAL LENDING SERVICES, LLC., (hereinafter, GLS) and, in negligently, knowingly, and/or willfully contacting Plaintiff on her cellular telephone without his prior express written consent within the meaning of the TCPA. This is an action for actual and statutory damages for

violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

## JURISDICTION & VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. CAROL H. THOMAS (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Fulton, State of Georgia.

5. GLOBAL LENDING SERVICES, LLC, is a domestic company with a corporate headquarters located at 1200 Brookfield Blvd, Suite 300, Greenville, SC, 29607. The Registered agent is located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell GA, 300067.

6. At all relevant times, Defendant has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used[3].

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…"It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—[3]…"

11. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice calls to cell phones. Defendant GLS has harassed the Plaintiff and violates the right of privacy of all consumers.

## ALLEGATIONS OF FACT

12. On several occasions, Plaintiff answered her cellphone and was greeted by an automated voice, stating "please stay on the line".

13. After steadily being harassed, on February 22, 2018, Plaintiff informed the Defendant GLS that she no longer wished to receive calls on her cellphone in regards to the alleged debt. In fact, Plaintiff informed the representative to stop all calls.

14. After revoking consent to be contacted on her cellular phone, Plaintiff received over 50 unsolicited calls from the Defendant GLS, calling from 877-314-4234. Under the TCPA, oral revocation is permitted…see *Osorio v State Farm, F.S.B.*

no. 13-10951 (11th Cir. 2014); *Gager v. Dell Financial Services, LLC*---F.3d---, WL 4463305(3d Cir. 2013).

15. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

16. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous unwarranted phone calls caused the Plaintiff continuous harassment, as well as usage of her phone that could have been used for other purposes.

17. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

### COUNT I-TCPA
### KNOWING AND/OR WILLFUL VIOLATIONS
### OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Using prohibited automated equipment and without prior express written consent, the Defendant GLS, contacted the Plaintiff at least fifty (50) times by means of automatic voice messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

## **PRAYER FOR RELIEF**

a) As a result of the Defendant's GLS knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3);

b) Assessing against GLS, all costs incurred by the Plaintiff; and

c) Awarding such other relief as justice and equity may require.

Respectfully submitted,

*Carol H. Thomas*

Carol H. Thomas
1029 Lincoln Court Ave, N.E.
Atlanta, GA 30329
678-772-4461
carolthomas644@gmail.com